Matter of Bethelite Community Church v Department of Envtl. Protection of the City of N.Y. (2019 NY Slip Op 04040)





Matter of Bethelite Community Church v Department of Envtl. Protection of the City of N.Y.


2019 NY Slip Op 04040


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9401 103377/04

[*1]In re Bethelite Community Church, et al., Petitioners-Appellants,
v
The Department of Environmental Protection of the City of New York, Respondent-Respondent, The City of New York, et al., Respondents.


Shaw & Binder, P.C., New York (Stuart F. Shaw and Daniel S. LoPresti of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered September 15, 2017, denying the petition to annul the determination of respondent Department of Environmental Protection, dated October 7, 2003, which denied petitioner's application for an exemption from water and sewer charges, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In Matter of Brooklyn Assembly Halls of Jehovah's Witnesses, Inc. v Department of Envtl. Protection of City of N.Y. (11 NY3d 327 [2008]), the Court of Appeals upheld respondent's determination that the petitioner church could qualify for an exemption from water and sewer charges only for the portion of its building used for public worship, plus one caretaker's dwelling. Contrary to petitioner's arguments, the case is controlling here. Respondent's determination limiting the water and sewer exemption to the portion of petitioner's premises devoted exclusively to public worship, plus the residence of a caretaker for these premises, is not arbitrary and capricious.
Petitioner's contention that Brooklyn Assembly Halls is distinguishable because, unlike the property in that case, its property includes a homeless shelter and a nonpublic school was improperly raised for the first time in its reply papers in the article 78 proceeding and will not be considered (see Bluebird Realty Corp. v Department of Envtl. Protection of City of N.Y., 300 AD2d 6, 7 [1st Dept 2002]).
Petitioner urges this Court to consider its poor finances, its good works, and a looming foreclosure, which would force it to close. While petitioner's situation is compelling, a court cannot invalidate mandatory liens on property based on a foreclosure action specifically authorized by statute (see Public
Authorities Law § 1045-j[5]; Matter of Delafield 246 Corp. v City of New York, 11 AD3d 268, [*2]272-273 [1st Dept 2004], lv denied 4 NY3d 703 [2005]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK